IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| WILLIAM KELLY NOLAN | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:22-cv-000604 |
| | ) | |
| JERRY SCOTT | ) | |

**TO:** Honorable William L. Campbell, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered February 7, 2023 (Docket Entry No. 11), this *pro se* and *in forma pauperis* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Pending before the Court is the motion for summary judgment (Docket Entry No. 55) of Defendant Jerry Scott. Plaintiff William Kelly Nolan opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this action be **DISMISSED**.

### I.  BACKGROUND

William Kelly Nolan ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Whiteville Correctional Facility in Whiteville, Tennessee. On August 5, 2022, he filed this *pro se* and *in forma pauperis* lawsuit about events that occurred in the summer of 2022 when he was confined as a pre-trial detainee at the Sumner County Jail ("Jail") in Gallatin, Tennessee prior to his transfer to the TDOC. *See* Complaint (Docket Entry No. 2). Plaintiff alleges that his federal constitutional rights were violated at the Jail and seeks relief

under 42 U.S.C. § 1983. Named as defendants to the lawsuit are Jail Superintendent Jerry Scott ("Scott" or "Defendant") and correctional officer Sergeant Killman ("Killman"), who are both named in their individual and official capacities.[1]

Plaintiff alleges that, at the directive of Scott, he was moved from his regular housing unit and placed in administrative segregation in the Special Housing Unit (SHU) of the Jail for 21 days between June 17, 2022, and July 8, 2022. He contends that he was not given a reason for the move when he was placed in SHU and that he was subjected to restrictive living conditions while in SHU. Plaintiff also alleges that his inmate trust account was suspended during this time, that he could not communicate with his defense attorney, and that he was subjected to the "terrible" conditions in the SHU. He further contends that several items of his personal property were missing when he was released from SHU and that he suffered mental anguish as a result of these events.

Upon initial review of Plaintiff's lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a plausible Fourteenth Amendment due process claim based on his allegation that he was punished by being place in segregation. *See* Memorandum Opinion and Order at 5-7. This claim was permitted to proceed against Scott, in both his individual and official capacities, but all other claims were dismissed.  *Id*.

Scott filed an answer. (Docket Entry No. 28.) A scheduling order (Docket Entry No. 29) was entered that set out deadlines for pretrial proceedings in the case, including time for discovery. Those deadlines have all expired. A jury has not been demanded by either party, and a trial has not yet been scheduled pending resolution of the instant motion for summary judgment.

---

[1] Although Plaintiff filed his lawsuit in the Eastern District of Tennessee, the lawsuit was transferred to this District.  *See* Docket Entry No. 4.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Scott seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. In support of his motion, Scott submits: (1) a supporting memorandum (Docket Entry No. 56); (2) a statement of undisputed material facts (Docket Entry No. 57); and, (3) his own declaration and exhibits attached thereto (Docket Entry No. 56-1).

Scott raises a single argument for dismissal of the lawsuit - that Plaintiff failed to file a grievance at the Jail about the events at issue and therefore failed to comply with the Prison Litigation Reform Act of 1996 (APLRA), 42 U.S.C. ' 1997e, which requires inmates to have properly exhausted available administrative remedies for claims about their prison conditions prior to filing a lawsuit about those conditions. Scott maintains that inmates at the Jail have access to an electronic "kiosk" that enables them to submit grievances and requests via an electronic submission that is then reviewed by staff at the Jail. According to Scott, the undisputed evidence shows that Plaintiff was familiar with the grievance system at the Jail and, in fact, used the kiosk to file two grievances on July 6, 2022, while in SHU, but that neither grievance complained about his placement in SHU.

In response to the motion for summary judgment, Plaintiff filed: 1) a motion for the appointment of counsel (Docket Entry No. 60); 2) a motion for default judgment and discovery sanctions against Defendant Scott (Docket Entry No. 61); and, 3) a response to the motion for summary judgment (Docket Entry No. 62). By Order entered November 28, 2023 (Docket Entry No. 66), the Court denied Plaintiff's two motions. In his response to the motion for summary judgment, Plaintiff argues the merits of his claim and disputes some of the factual statements contained in the motion for summary judgment and supporting memorandum. Plaintiff further

3

contests the PLRA exhaustion defense raised by Scott, arguing that Internal Affairs Officer J. Holland told him to "disregard" the grievance process and "just move forward" with the lawsuit, that grievances filed at the Jail are routinely not responded to or responded to in a timely manner, that the response to one of his requests from a jail staff member shows "that she has no idea what a grievance process is," that using the "kiosk" is "so hard," and that the kiosk submissions that he made on July 2, 2022, were requests not grievances. *See* Response at 2-4.[2]

In reply, Scott argues that Plaintiff failed to file a response to the statement of undisputed material facts that accompanied the motion for summary judgment and that those facts are deemed admitted for the purposes of the instant motion by operation of Local Rule 56.01(c). Scott further argues that Plaintiff's focus of the merits of his claim is not relevant to the failure to exhaust defense raised in the motion. Finally, Scott contends that Plaintiff's assertion that the grievance process was unavailable is contradicted by the undisputed evidence that Plaintiff actually used the kiosk system while in SHU and filed two grievances. *See* Reply (Docket Entry No. 63).

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing

---

[2] The Court notes that Plaintiff's response refers to exhibits that are attached to his motion for default and for discovery sanctions. *See* Docket Entry No. 61-1.

a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

### IV. ANALYSIS OF THE SUMMARY JUDGMENT MOTION

Scott is entitled to summary judgment in his favor. He raises and supports a sound and conclusive argument that Plaintiff failed to comply with the mandatory administrative exhaustion requirement of the PLRA prior to filing his lawsuit. Accordingly, this lawsuit must be dismissed in accordance with the PLRA.

Pursuant to 42 U.S.C. ' 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. ' 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through one complete round or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Full exhaustion is required even if the inmate believes the grievance process is futile and will yield no relief. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *Napier*, 636 F.3d at 225.

Scott sets forth evidence that a grievance process exists at the Jail by which inmates have access to a kiosk that they can use to submit electronic grievances and requests. *See* Declaration of Scott at ¶¶ 3-5 and 10. Scott further sets forth evidence that Plaintiff used this kiosk system while at the Jail to file numerous grievances and requests but that he did not file a grievance about the events that form the basis of the claim against Scott. *Id*. at ¶¶ 10 and 12 and Exhibits A & B. This is sufficient to satisfy Scott's burden of setting forth a PLRA exhaustion defense. In the face of this affirmative evidence, Plaintiff must present "significant probative evidence" in support of his rebuttal to the exhaustion defense. *See Napier*, 636 F.3d at 225.

Initially, there is no dispute that Plaintiff did not file a grievance against Scott based on the events that form the basis for his claim. In his complaint, Plaintiff acknowledges that he did not file a grievance. *See* Complaint at 6-8. Further, Plaintiff has not responded to Scott's statement of undisputed material fact #2, which asserts that "Plaintiff never filed a grievance with respect to being placed in the Special Housing Unit ("SHU") at the Jail between the dates described in his Complaint and Amended Complaint." *See* Docket Entry No. 57 at ¶ 2. Pursuant to Local Rule 56.01(c), Plaintiff's failure to respond deems this fact to be admitted for the purposes of the motion for summary judgment.

The PLRA's exhaustion requirement is mandatory. *Jones*, 549 U.S. at 211. To avoid dismissal for failure to exhaust under the PLRA, Plaintiff's only recourse is to show that the grievance process at the Jail was not "available" to him. *Ross v. Blake*, 578 U.S. 632, 642 (2016). In *Ross*, the Supreme Court clarified that there are some factual scenarios under which an inmate's attempt to use the grievance process is so compromised that the administrative remedy is made effectively "unavailable" and, thus, an inmate's duty to exhaust available remedies does not come into play. However, these scenarios are limited, and an administrative remedy is not "available" when: (1) the grievance process "operates as a simple dead end," (2) the grievance process is "so opaque that it becomes, practically speaking, incapable of use," or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 643-44.

Although Plaintiff makes various arguments for why the grievance process at the Jail was purportedly not available to him, *see* Response at 2-4, his arguments combined lack persuasion or are unsupported by evidence in the record. First, Plaintiff contends that grievances at the Jail were

not timely answered or often went unanswered. However, Plaintiff's belief that the grievance process was futile or ineffective does not show that it was unavailable. *See Napier*, 636 F.3d at 222. Second, Plaintiff contends that the grievance process at the Jail did not provide for a second or third level of appeal. However, the PLRA does not require any particular type of grievance process, only that one exist and that the prisoner pursue it. *Jones*, 549 U.S. at 922-23. The fact that the grievance process at the Jail is not the same as the grievance process at other correctional institutions is not significant.

Plaintiff also contends that using the kiosk was difficult and that he did not have legal assistance to file a grievance. Neither contention supports his rebuttal. The evidence shows multiple instances when Plaintiff used the kiosk, including when he was housed in SHU, and there is no evidence before the Court supporting a conclusion that the Jail's grievance process was incapable of being used. Further, there is no requirement that a prisoner have legal assistance in filing a grievance.

Finally, Plaintiff contends that a prison staff member told him to disregard the jail grievance process and proceed with his lawsuit. However, this contention is supported only by Plaintiff's unsworn response, and Plaintiff fails to present any other supporting evidence for this argument. When opposing a motion for summary judgment, a party cannot rely on allegations or denials in unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 Fed.Appx. 482, 485 (6th Cir. 2010). Unsworn factual statements in a response, such as those made by Plaintiff here, are not sufficient evidence to rebut a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that (i) the motion for summary judgment (Docket Entry No. 55) of Defendant Jerry Scott be **GRANTED** and (ii) this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

9

Case 3:22-cv-00604    Document 70    Filed 03/04/24    Page 9 of 9 PageID #: 350