# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| WILLIAM KELLY NOLAN | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00604 |
| | ) | |
| JERRY SCOTT | ) | |

**TO:** Honorable William L. Campbell, Jr., United States Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered February 7, 2023 (Docket Entry No. 11), this *pro se* and *in forma pauperis* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Pending before the Court are motions for summary judgment filed by Plaintiff (Docket Entry No. 106) and by Defendant (Docket Entry No. 114). The Clerk is **DIRECTED** to designate Plaintiff's memorandum in support of summary judgment (Docket Entry No. 106) as a pending motion for summary judgment and supporting memorandum.[1] For the reasons set out below, the undersigned respectfully recommends that both motions (Docket Entry No. 106 and Docket Entry No. 116) be **DENIED**.

---

[1] Although Plaintiff did not file an actual motion for summary judgment, he filed a memorandum in support of summary judgment (Docket Entry No. 106), a statement of undisputed material facts (Docket Entry No 105), and a declaration (Docket Entry No. 117). Because Plaintiff seeks summary judgment in these filings, the Court will leniently construe the filings and view his memorandum in support as also including a motion for summary judgment.

## I. BACKGROUND

William Kelly Nolan ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Prior to his transfer to TDOC, Plaintiff was confined as a pretrial detainee at the Sumner County Jail ("Jail") in Gallatin, Tennessee, and this lawsuit is based upon events that happened at the Jail in the summer of 2022.

In a *pro se* and *in forma pauperis* lawsuit filed on August 5, 2022, Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 2). Plaintiff alleges that, at the directive of Jail Superintendent Jerry Scott ("Scott"), he was moved from his regular housing unit and placed in administrative segregation in the Special Housing Unit ("SHU") of the Jail for 21 days between June 17, 2022, and July 8, 2022. He maintains that he was not given a reason for the move when he was placed in SHU and that he was subjected to more restrictive living conditions while in SHU than in the regular housing unit. Plaintiff also alleges that his inmate trust account was suspended during this time, that he could not communicate with his defense attorney, and that he was subjected to the "terrible" conditions in the SHU. He further contends that several items of his personal property were missing when he was released from SHU and that he suffered mental anguish as a result of these events.

Upon initial review of Plaintiff's lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a plausible Fourteenth Amendment due process claim based on his allegation that he was punished by being place in segregation. *See* Memorandum Opinion and Order (Docket Entry No. 11) at 5-7. This claim was permitted to proceed against Defendant Scott, in both his individual and official capacities, but all other claims were dismissed. (*Id.*)

Pursuant to an initial scheduling order, the case proceeded through pretrial proceedings, including a time period for discovery. After the close of discovery, Defendant filed a motion for summary judgment, in which he raised a single argument for dismissal of the lawsuit – that it was undisputed that Plaintiff did not file a grievance at the Jail about the events at issue and therefore Plaintiff failed to comply with the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. §1997e, which requires inmates to have properly exhausted available administrative remedies for claims about their prison conditions prior to filing a lawsuit about those conditions. The Court recommended that the motion be granted, finding that Plaintiff had not supported his opposition to the motion and the PLRA exhaustion defense with a persuasive argument and with sufficient probative evidence. *See* Report and Recommendation (Docket Entry No. 70).

However, in light of Plaintiff's motions to alter or amend and objections to the report and recommendation and to allow newly obtained evidence in connection with the motion for summary judgment, the Court vacated the Report and Recommendation, denied the motion for summary judgment without prejudice to being refiled, and reopened discovery for the sole purpose of allowing either party to obtain a declaration or deposition testimony from Joshua Holland ("Holland"), a former employee at the Jail who Plaintiff asserted had told him to bypass the grievance process at the Jail. *See* Order entered September 24, 2024 (Docket Entry No. 89). The Court provided the parties with an extended deadline to file new motions for summary judgment and further directed Defendant to file the transcript of Plaintiff's deposition. (*Id.* at 2.)

Against this background, the parties have filed new, competing motions for summary judgment.[2] Plaintiff has also filed a plethora of motions about non-dispositive matters, which the

---

[2] See n.1.

Court will address in a separate order. Upon entry of this Report and Recommendation and the contemporaneous order, all pretrial proceedings in the case will be resolved and the matter will be ready to be set for a bench trial.

## II. MOTIONS FOR SUMMARY JUDGMENT

In his request for summary judgment, Plaintiff argues both that his due process rights were violated with respect to his underlying claim and that his failure to pursue a grievance at the Jail should be excused. *See* Memorandum (Docket Entry No. 106). With respect to the latter argument, Plaintiff contends that that grievance process at the Jail is not actually available to inmates because the process does not work in practice, because it is a dead-end, and because he was afraid of retaliation if he pursued a grievance. (*Id*. at 3-5.) He further asserts that he was told by Holland to skip the grievance process. (*Id*. at 4.) In support of his motion, Plaintiff provides: (1) a statement of undisputed material facts (Docket Entry No. 105); (2) copies of printouts from the electronic kiosk system at the Jail that inmates are supposed to use to file grievances (Docket Entry No. 106-1); and, (3) his own declaration, in which he declares, "Officer Josuah Holland internal affairs officer at Sumner County jail came to my cell in the SHU at Sumner County Jail and told me to bypass the grievance procedure and move rite to 1983 civil complaint." (Docket Entry No. 117). Despite being given additional time to obtain sworn testimony from Holland, Plaintiff's motion is not supported by any such evidence from Holland.

Defendant renews his request for summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure and support of his motion with: (1) a supporting memorandum (Docket Entry No. 115); (2) a statement of undisputed material facts (Docket Entry No. 116); and, (3) his own declaration and exhibits attached thereto (Docket Entry No. 114-1). Defendant again raises a single argument for dismissal of the lawsuit – Plaintiff failed to file a grievance at the Jail

4

about the events at issue and thus failed to comply with the PLRA. (Docket Entry No. 115 at 9-12.) Defendant asserts that each housing pod at the Jail has an electronic "kiosk" which inmates may use to submit grievances and requests via an electronic submission that is then reviewed by staff at the Jail. (*Id.*) Scott argues that the undisputed evidence shows that Plaintiff was familiar with the grievance system at the Jail and how to use the kiosks, having used the kiosks on numerous occasions for grievances and requests, and, in fact, used the kiosk to file two grievances on July 6, 2022, while in SHU but that neither grievance complained about his placement in SHU. (*Id.*)

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory

5

allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249. Where the parties file cross-motions for summary judgment, "'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).

## IV. ANALYSIS

The Court first addresses Plaintiff's motion for summary judgment to the extent that the motion seeks summary judgment on the merits of his Fourteenth Amendment claim. The motion lacks merit and is therefore properly denied. First, other than setting out the claim and his allegations, Plaintiff fails to offer any substantive legal argument on the claim and his arguments are directed only at the issue of PLRA exhaustion. (Docket Entry No. 106 at 1-3.) Similarly, Plaintiff's supporting exhibits and his declaration are directed only at the issue of exhaustion.

(Docket Entry Nos. 106-1 and 117.) In the end, Plaintiff simply fails to show any lack of genuine issues of material fact on his underlying constitutional claim and fails to show that he is entitled to summary judgment as a matter of law. Thus, he fails to carry his burden of showing an entitlement to summary judgment on his underlying claim.[3]

The Court turns now to the parties' competing motions that are directed at the issue of whether Plaintiff's lack of exhaustion of administrative remedies at the Jail requires dismissal of his claim under the PLRA.

The basic law surrounding the PLRA is well-settled. Pursuant to the PLRA, specifically 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure to satisfy the exhaustion requirement. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).

The PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007), and full exhaustion is required even if the inmate believes the grievance process is futile and will yield no relief. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a

---

[3] The Court further notes that, despite requesting summary judgment, Plaintiff asserts in a subsequently filed motion that he believes that there are genuine issues of material fact that require a bench trial, *see* Motion for Bench Trial (Docket Entry No. 138), which runs contrary to a request for summary judgment in his favor.

7

defendant must raise and prove. *Jones*, 549 U.S. at 216. Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present "significant probative evidence" showing that he has complied with the PLRA's requirement of exhaustion. *Napier*, 636 F.3d at 225.

For a prisoner who has not exhausted administrative remedies, the only avenue to avoid dismissal is to show that the grievance process was not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). In *Ross*, the Supreme Court clarified that there are some factual scenarios under which an inmate's attempt to use the grievance process is so compromised that the administrative remedy is made effectively "unavailable" and, thus, an inmate's duty to exhaust available remedies does not come into play. However, these scenarios are limited, and an administrative remedy is not "available" only when: (1) the grievance process "operates as a simple dead end," (2) the grievance process is "so opaque that it becomes, practically speaking, incapable of use," or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44.

In the instant case, Defendant Scott sets forth evidence, via his own sworn declaration, that a grievance process exists at the Jail whereby inmates have access to a kiosk that they can use to submit electronic grievances and requests. (Docket Entry No. 114-1 at ¶¶ 3-5 and 10.) Defendant further presents evidence that Plaintiff used this kiosk system while at the Jail to file numerous grievances and requests but that he did not file a grievance about the events that form the basis of the claim at issue in this lawsuit. (*Id.* at ¶¶ 10 and 12 and Exhibits A & B.) This showing by Defendant is sufficient to satisfy his burden of setting forth and supporting a PLRA exhaustion

8

defense. In the face of this affirmative evidence, Plaintiff must present "significant probative evidence" in support of his rebuttal to the exhaustion defense. *Napier*, 636 F.3d at 225.

It is undisputed that Plaintiff did not file a grievance based on the events that form the basis for his claim. Indeed, in his complaint, Plaintiff acknowledges that he did not file a grievance. (Docket Entry No. 2 at 6-8.) In Defendant's view, this is the end of the matter. Defendant argues that Plaintiff fails to support an argument that administrative remedies at the Jail were "unavailable" under *Ross*. Defendant contends that Plaintiff has not actually offered evidence that shows that the grievance procedure at the Jail was "not real," was incapable of being used, or was somehow a "dead end." (Docket Entry No. 112 at 5-7.) Defendant further argues that Plaintiff's declaration about Holland's alleged statement to him to bypass the grievance process is inadmissible hearsay that cannot be considered when evaluating the appropriateness of summary judgment and that Plaintiff has further failed to provide an affidavit or other sworn testimony from Holland about this issue. (*Id.* at 7.) *See also* Objections to Declaration of Plaintiff (Docket Entry No. 119) and Defendant's Reply (Docket Entry No. 126).

The Court agrees that the record before the Court fails to support Plaintiff's arguments that the grievance process at the Jail was "unavailable" under either of the first two *Ross* scenarios. Plaintiff contends that grievances at the Jail was "practically speaking, incapable of use, was "obviously a dead end," and was somehow flawed because inmates could submit both request and grievances on the kiosks. (Docket Entry No. 106 at 4-5.) However, the Court finds that the record does not support such a broad characterization of the Jail's grievance process, and Plaintiff's subjective belief that the grievance process was futile or ineffective does not show that it was unavailable. *Napier*, 636 F.3d at 222. Plaintiff further appears to believe that the PLRA requires a

9

"standard" type of grievance process. (Docket Entry No. 106 at 4-5.) However, the PLRA does not require any particular type of grievance process, only that one exist, and that the prisoner pursue it. *Jones*, 549 U.S. at 922-23. The fact that the grievance procedure at the Jail is not the same, or even similar, to the grievance procedure used at TDOC facilities is not significant. Plaintiff also contends that using the kiosk was difficult. (Docket Entry No. 106 at 5.) This contention likewise fails to show that the grievance process at the Jail was unavailable because the undisputed evidence shows multiple instances when Plaintiff used the kiosk, including when he was housed in SHU.

Plaintiff's final *Ross* argument, however, has sufficient merit to at least raise a genuine issue of material fact on this issue and to rebut Defendant's PLRA defense. Plaintiff contends that Holland, a Jail staff member, told him while he was in SHU to disregard the Jail's grievance process and just proceed with his lawsuit. (Docket Entry No. 106 at 4; Docket Entry No. 123 at ¶¶ 10-11.) Under the third *Ross* scenario, an inmate grievance process may be rendered unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. at 643-44. A correctional officer who instructs an inmate to bypass the grievance procedure and file a lawsuit instead can arguably be viewed as misrepresenting or misleading the inmate to not take advantage of the grievance process.

When the Court considered this argument in the stance of Defendant's previously filed motion for summary judgment, Plaintiff's contention was supported by only his own unsworn response, which was not sufficient to oppose the motion for summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Viergutz v. Lucent Techs., Inc.*, 375 Fed.App'x 482, 485 (6th Cir. 2010); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole*

*v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991). As the case currently stands, however, Plaintiff has now buttressed his contention with his own sworn declaration that Holland instructed him to bypass the grievance procedure. (Docket Entry No. 117.) For the purposes of resolving a motion for summary judgment, such a declaration is a sufficient basis to support Plaintiff's contention and his rebuttal. *Coopwood v. Wayne Cnty., Michigan*, 74 F.4th 416, 423 (6th Cir. 2023) (inmate's affidavit statement that jail's employees thwarted her efforts to file a grievance by refusing to provide her with the necessary forms was sufficient to at least create a genuine issue of material fact on the issue of whether prison officials thwarted her efforts to comply with the exhaustion requirement under *Ross*).

Defendant raises two arguments against Plaintiff's contention. First, Defendant argues that Plaintiff's declaration about what Holland purportedly told him is inadmissible hearsay and should therefore be disregarded by the Court in review of the pending motions for summary judgment. Defendant is certainly correct in his underlying assertion that inadmissible hearsay cannot be considered for the purposes of ruling on a summary judgment motion. *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); *Doe v. Farmer*, No. 3:06-0202, 2009 WL 3768906, at *5 (M.D.Tenn. Nov. 9, 2009) (Trauger, J.) ("All of these statements are inadmissible hearsay that the court cannot consider on summary judgment.").

However, the Court does not agree that the statement at issue is hearsay. Plaintiff may permissibly offer his declaration as evidence that Holland made a statement to him. Further, while the statement at issue is clearly an out-of-court statement, to be characterized as hearsay, the statement must also be offered "to prove the truth of the matter asserted in the statement." Fed.

R. Evid. 801(c)(2). *See also United States v. Rodriguez–Lopez*, 565 F.3d 3122, 314 (6th Cir. 2009) ("A statement offered as evidence of the bare fact that it was said, rather than for its truth, is not hearsay.") Plaintiff's declaration cannot described as offering Holland's statement to prove that that either the PLRA or the Jail's grievance procedure permits inmates to bypass the grievance procedure prior to filing a lawsuit. Indeed, the underlying truthfulness or accuracy of Holland's alleged statement is not really at issue since it is obvious that inmates are not permitted to simply bypass a grievance process. Instead, the statement is being offered by Plaintiff to show that Holland made a statement to Plaintiff that, whether true or not, misled Plaintiff into bypassing the grievance procedure. Thus, the statement is being offered to show its effect on Plaintiff and to show why Plaintiff's attempt to use the grievance process was thwarted. The Sixth Circuit has explained that "[a] statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009). "Such a statement may be admitted to show why the listener acted as [he] did." *United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015). In that context and with these limitations, the Court may consider Plaintiff's declaration about what he was told by Holland.

Defendant next argues that Plaintiff's *Ross* argument must fail because he has not provided sworn testimony from Holland that essentially verifies what Plaintiff says he was told by Holland. Defendant appears to believe that the Court, in the Order vacating the prior Report and Recommendation, required that such testimony be provided. (Docket Entry No. 115 at 11; Docket Entry No. 126 at 3.) However, Defendant construes the Court's Order too broadly. While the Court noted that "Plaintiff's unsworn statements about the likely testimony of Joshua Holland (Docket No. 82) provide the barest possible information to support a Rule 56(d) request" and

12

reopened discovery to "allow the parties a brief additional period, as provided for above, to obtain third-party discovery from Joshua Holland" (Docket Entry No. 89 at 5), the Court did not impose upon Plaintiff a requirement that he provide sworn testimony from Holland. Indeed, the Court specifically stated that discovery was being reopened "for the sole purpose of allowing <u>either party</u> to obtain a declaration or deposition testimony from Joshua Holland." (*Id*. at 1) (emphasis added). Although sworn testimony from Holland, whether provided by Plaintiff or Defendant, would have certainly provided additional factual insight into the issue, it is not necessary in light of Plaintiff's declaration. A prisoner's sworn affidavit, standing alone, may create a genuine dispute of material fact that forecloses summary judgment on exhaustion even if the record lacks corroborating evidence. *Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022); *Loyde v. Tehum Care Servs., Inc.*, No. 3:20-CV-00710, 2023 WL 6226128, at *4 (M.D. Tenn. Sept. 25, 2023) (Richardson, J.) ("At the summary judgment stage, Plaintiff's testimony alone can suffice to create a genuine dispute.").

In the end, the Court finds that there is sufficient evidence in the record, via the declaration provided by Plaintiff, to at least raise a genuine issue of material fact on the issue of whether the administrative remedy at the Jail was made unavailable to Plaintiff and whether his failure to exhaust is thus excused under *Ross*. Plaintiff's evidence, while minimally sufficient to raise a genuine issue of material fact, is certainly not overwhelming though.

Indeed, the Court notes that, at his deposition, Plaintiff testified as to Holland bringing him a "1983 form" but did not testify about the purported statement by Holland to bypass the grievance process and further testified that he did, in fact, file a grievance about his claim but it "disappeared." (Docket Entry No. 91 at 37-40.) While this deposition testimony could be viewed

13

as casting doubt upon the veracity of Plaintiff's declaration, it is not the Court's province to make credibility determination in the stance of determining a motion for summary judgment. *Cordell v. McKinney*, 759 F.3d 573, 587 (6th Cir. 2014). For all these reasons, and given that a genuine issue of material fact exists on the issue of exhaustion, summary judgment in favor of either party is not appropriate.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Plaintiff (Docket Entry No. 106) and the motion for summary judgment filed by Defendant (Docket Entry No. 114) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge