# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM KELLY NOLAN | ) |
| Plaintiff, | ) )  ) |
| | ) NO. 3:22-cv-00604 |
| v. | ) )  ) JUDGE CAMPBELL |
| JERRY SCOTT, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommending the Court deny the motions for summary judgment filed by Plaintiff (Doc. No. 106) and Defendant (Doc. No. 114). (*See* Report and Recommendation, Doc. No. 143). Defendant filed objections to the Report and Recommendation. (Doc. Nos. 145, 146). For the reasons stated herein, Defendant's objections will be overruled, the Report and Recommendation will be adopted and approved.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     ANALYSIS

Plaintiff William Nolan claims that when he was a pre-trial detainee at the Sumner County Jail during the summer of 2022, Defendant Jerry Scott ordered Plaintiff to be placed in administrative segregation in the Special Housing Unit (SHU) for 21 days without explanation in violation of his constitutional rights. Upon initial review of Plaintiff's lawsuit, the Court found Plaintiff asserted a plausible Fourteenth Amendment due process claim. (*See* Doc. No. 11).

Defendant's motion for summary judgment that is the subject of the Report and Recommendation issued August 20, 2025 (Doc. No. 143) is Defendant's second motion for summary judgment. In Defendant's first motion for summary judgment filed on October 20, 2023, he argued Plaintiff's claim should be dismissed because he failed to file a grievance about the events at issue and therefore failed to comply with the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. § 1997e. The Magistrate Judge agreed and issued a Report and Recommendation on March 4, 2024 (Doc. No. 70), recommending that Defendant's motion for summary judgment be granted and this case be dismissed.

Plaintiff then filed a motion to alter or amend and objection to the Report and Recommendation (Doc. No. 75) and a motion to allow newly obtained evidence (Doc. No. 82). The Magistrate Judge found that Plaintiff had adequately supported a request for additional discovery under Federal Rule of Civil Procedure 56(d), and issued an Order that: (1) vacated the Report and Recommendation; (2) denied Defendant's motion for summary judgment without prejudice to refiling with additional briefing on the issue of exhaustion of administrative remedies; (3) reopened discovery until December 20, 2024, for the sole purposes of allowing either party to obtain a declaration or deposition testimony from Joshua Holland; and (4) set a deadline to "file (or refile)" a motion for summary judgment. (*See* Order, Doc. No. 89). The Order makes clear that

"new summary judgment motions may be filed on any bases and are not limited to exhaustion of administrative procedures." (*Id*. at 2, n. 4).

The December 20, 2024 discovery deadline passed and neither party filed a declaration or sworn deposition testimony from Joshua Holland. Defendant then renewed his motion for summary judgment on January 23, 2025.[1] (Doc. No. 116). On January 24, 2025, Plaintiff filed a sworn declaration in which he stated that Officer Joshua Holland told him to bypass the grievance procedure. (Doc. No. 117). Defendant filed objections to Plaintiff's declaration, arguing it contains inadmissible hearsay and was not proper evidence to defeat summary judgment. (Doc. No. 126). In the reply, Defendant also argued that judgment in his favor was warranted because Plaintiff did not file sworn testimony of Joshua Holland, which was the limited purpose of reopening discovery. (*See* Doc. No. 126).

The Magistrate Judge considered these arguments in the Report and Recommendation. She determined Plaintiff's declaration was not inadmissible hearsay because it was not being offered for the truth of the matter asserted, but to show that Joshua Holland made a statement – that Plaintiff was permitted to bypass the grievance procedure – and the effect of that statement on the Plaintiff. (*See* Doc. No. 143 at 12). The Magistrate Judge also rejected Defendant's argument that he is entitled to judgment because Plaintiff did not provide sworn testimony from Holland. (*Id*.). The Magistrate Judge explained:

> Defendant appears to believe that the Court, in the Order vacating the prior Report and Recommendation, required that such testimony be provided. (Docket Entry No. 115 at 11; Docket Entry No. 126 at 3.) However, Defendant construes the Court's Order too broadly. While the Court noted that "Plaintiff's unsworn statements about the likely testimony of Joshua Holland (Docket No. 82) provide the barest possible information to support

---

[1] Plaintiff also filed a memorandum in support of summary judgment (Doc. No. 106), which the Magistrate Judge construed as a motion for summary judgment. (*See* Doc. No. 143). Because no objections have been filed to the Magistrate Judge's recommendation Plaintiff's motion be denied, the Court need not consider the merits of Plaintiff's motion. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3).

3

> a Rule 56(d) request" and reopened discovery to "allow the parties a brief additional period, as provided for above, to obtain third-party discovery from Joshua Holland" (Docket Entry No. 89 at 5), the Court did not impose upon Plaintiff a requirement that he provide sworn testimony from Holland. Indeed, the Court specifically stated that discovery was being reopened "for the sole purpose of allowing <u>either party</u> to obtain a declaration or deposition testimony from Joshua Holland." (*Id*. at 1) (emphasis added). Although sworn testimony from Holland, whether provided by Plaintiff or Defendant, would have certainly provided additional factual insight into the issue, it is not necessary in light of Plaintiff's declaration.

(Doc. No. 143 at 12-13).

The Magistrate Judge recommended the Court deny Defendant's motion for summary judgment because Plaintiff's sworn declaration provides sufficient evidence to raise a genuine material fact on the issue of whether the administrative remedy at the Jail was made unavailable to Plaintiff and whether his failure to exhaust is therefore excused under *Ross v. Blake*, 578 U.S. 632, 642 (2016). (*Id*. at 13).

Defendant objects to the Report and Recommendation on grounds that the Magistrate Judge erred by disregarding the absence of evidence from Joshua Holland and recommending denial of Defendant's motion for summary judgment based solely on Plaintiff's declaration. (*See* Def. Objections, Doc. No. 146 at 7). Defendant contends that the plain language of the order reopening discovery "narrowly reopened discovery for the limited purposed of obtaining evidence from Joshua Holland and thus did not contemplate consideration of Plaintiff's own declaration." (*Id*.).

Defendant's objection is without merit and is overruled. The Magistrate Judge made clear that the motions for summary judgment could be filed or refiled "on any bases." (*See* Order, Doc. No. 89 at 2, n. 4). Although the scope of discovery was narrow, nothing in the order limited the parties to the evidence or argument presented on the first motions for summary judgment. Moreover, the Magistrate Judge did not, as Defendant contends, disregard the absence of evidence

4

from Joshua Holland. The Magistrate Judge expressly acknowledged that neither party provided sworn testimony from Joshua Holland, but found such testimony was not necessary in light to Plaintiff's declaration.

### III. CONCLUSION

For the reasons stated above, Defendant's objections to the Report and Recommendation are **OVERRULED**. The Report and Recommendation (Doc. No. 143) is **ADOPTED** and **APPROVED**. Accordingly, the motions for summary judgment (Doc. Nos. 106, 114) are **DENIED**. This case will be set for a bench trial by separate order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE